UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BRANDON LEA,

    Plaintiff,

v.                                                          Case No.   26-2089

CITY OF MEMPHIS, TENNESSEE,
d/b/a MEMPHIS POLICE DEPARTMENT,

    Defendant.

_____

## COMPLAINT
_____

Plaintiff Brandon Lea ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant City of Memphis, Tennessee ("Defendant"), and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages and equitable relief arising from Defendant's retaliation against Plaintiff for constitutionally protected speech. Plaintiff is a 25-year veteran Memphis Police Department ("MPD") sergeant, who was suspended for fifteen (15) days without pay after making a political and social comment on social media while off duty and while speaking as a private citizen. Defendant disciplined Plaintiff under MPD's Social Media and Personal Conduct regulations, not because his speech disrupted MPD operations or impaired his job performance or caused issues by and between Plaintiff and his supervisors, co-workers, and the general public, but because Defendant disagreed with the viewpoint and content expressed by Plaintiff in his off-duty / private citizen speech. In doing so, Defendant's actions violated

1

Plaintiff's clearly established rights under the First and Fourteenth Amendments to the United States Constitution.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as the Plaintiff seeks relief for the constitutional violation set forth herein pursuant to 42 U.S.C. § 1983.

3. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant conducts business in this District, Plaintiff worked for Defendant in this District, and a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

4. Plaintiff Brandon Lea is an adult resident and citizen of Tennessee and a sworn MPD officer holding the rank of Sergeant.

5. Defendant City of Memphis, Tennessee is a municipal entity that operates the Memphis Police Department and is responsible for its policies, customs, training, discipline, and supervision of MPD officers.

## IV. FACTUAL ALLEGATIONS

6. Plaintiff has served MPD with distinction for 25 years and has had no prior disciplinary history relevant to this matter. Plaintiff has been assigned to Aviation / Air Support Division and has worked as a helicopter pilot since 2019. At all times herein, Plaintiff has worked well with MPD colleagues and managers of all races and religions without incident.

7. On or about February 6, 2025, while off duty and using his personal social-media account on Facebook, Plaintiff made a satirical comment on a parody account that comedically addressed the topic of slavery and government reparations. In particular, Plaintiff's comment

mimicked and copied a joke that Plaintiff had recently seen and heard on the television comedy show, Saturday Night Live, regarding the subject of government reparations.

8. Plaintiff's comment, whether it was viewed as funny or offensive by whoever saw it, was made on a social media platform while off duty and it constituted political and/or social speech on a matter of public concern that was made in his capacity as a private citizen, and not pursuant to any official duty with Defendant and MPD.

9. Specifically, Plaintiff's comment did not reference MPD and/or its operations, disclose confidential information, threaten violence, or impair Plaintiff's ability to perform his job as a helicopter pilot in any way.

10. Following Plaintiff's post, MPD received 2 or 3 citizen complaints regarding Plaintiff's comment. The citizens who complained about Plaintiff's comment had been able to see from Plaintiff's Facebook page that he worked for the MPD. Instead of reaching out to Plaintiff to have a discussion regarding his comment, these citizens contacted MPD to express their offense to Plaintiff's comment and sought for Plaintiff to be disciplined by the MPD.

11. On the heels of these complaints, MPD launched an investigation and initiated disciplinary proceedings against Plaintiff under Department Regulation ("DR") 136 (Social Media Sites / Internet Content) and DR-104 (Personal Conduct).

12. On April 22, 2025, MPD conducted an administrative hearing and sustained both charges. MPD imposed a total of fifteen (15) days suspension without pay and required Plaintiff to undergo sensitivity training, ordering him off work from April 25 through May 15, 2025.

13. MPD expressly based its discipline on the content and perceived offensiveness of Plaintiff's political / social statement, asserting that the comment reflected negatively on the MPD and could potentially undermine public trust.

14. Yet, in the two plus months prior to the administrative hearing, while Plaintiff continued working, MPD did not identify any actual disruption to departmental operations, workplace efficiency, employee morale, or any issue with Plaintiff's job performance, as a result of Plaintiff's social media comment.

15. MPD likewise failed to identify any safety issues, internal disorder, or interference with Plaintiff's duties arising from Plaintiff's speech.

16. Here, Defendant's actions were motivated by disagreement with Plaintiff's viewpoint and by a desire to punish him for expressing it, as well as to appease a few citizens that took issue with Plaintiff's comment. But the fact that Plaintiff's speech may be viewed as controversial or uncomfortable to MPD, as well as to some citizens, does not trump Plaintiff's First Amendment rights to free speech.

17. As a direct result of Defendant's retaliation, Plaintiff lost wages and benefits, suffered reputational harm, emotional distress, and impairment of future career prospects.

18. At all relevant times, Defendant took action against Plaintiff pursuant to official MPD policies, customs, and practices, including enforcement of DR-136 and DR-104 in a manner that penalizes protected speech.

## V. CAUSE OF ACTION

### (42 U.S.C. § 1983 – First Amendment Retaliation)

19. Plaintiff incorporates all preceding paragraphs and would state that:

20. Plaintiff engaged in speech protected by the First Amendment.

21. Plaintiff spoke as a private citizen on a matter of public concern.

22. Defendant took an adverse employment action against Plaintiff by suspending him without pay for 15 days (10 days for violating the personal conduct policy and 5 days for violating the social media policy).

23. Plaintiff's protected speech was a substantial or motivating factor in Defendant's decision to discipline him.

24. Defendant cannot satisfy the Pickering balancing test because Plaintiff's speech caused no actual disruption and Defendant's asserted interests are speculative and pretextual.

25. Defendant's actions constituted viewpoint discrimination.

26. At all times herein, Defendant acted under color of state law.

27. Defendant's policies and customs and practice were the moving force behind the constitutional violations described herein.

28. Defendant's actions described herein violated Plaintiff's clearly established First Amendment rights, entitling Plaintiff to damages under 42 U.S.C. § 1983.

29. Defendant City of Memphis is liable under Monell v. Dep't of Soc. Servs. because Plaintiff's injuries resulted from official MPD regulations governing employee speech; a custom and practice of disciplining officers for off-duty political expression; failure to train supervisors regarding First Amendment limits on employee discipline; and the ratification of unconstitutional discipline by final policymakers.

## VI. MONEY DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF

30. As a direct result of Defendant's unconstitutional actions, Plaintiff has suffered lost wages and benefits; emotional distress and humiliation; damage to reputation and career; and other compensatory losses to be proven at trial.

31. Defendant's conduct was willful and in reckless disregard of Plaintiff's constitutional rights.

32. In addition to money damages, Plaintiff seeks declaratory judgment that Defendant's actions violated the First Amendment. Plaintiff seeks injunctive relief requiring Defendant to expunge the discipline from Plaintiff's personnel file; restore lost pay and benefits; revise MPD policies to comply with the First Amendment; and train supervisors regarding protected employee speech.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor;

B. Award Plaintiff compensatory damages;

C. Award Plaintiff back pay and benefits;

D. Grant declaratory and injunctive relief to Plaintiff;

E. Award reasonable attorneys' fees and costs; and

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

<u>/s/ William B. Ryan</u>
William B. Ryan - TN Bar #020269
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901/278-1004
Fax: 901/278-3111
Email: billy@donatilaw.com